CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 13 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| BENJAMIN H. JONES, #155438,<br>　　　　Plaintiff, | Civil Action No. 7:05-cv-00484 |
| v. | **MEMORANDUM OPINION** |
| PRISON GUARD KENDRICK, et al.,<br>　　　　Defendants. | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Benjamin H. Jones, a Virginia inmate acting pro se, submits this civil rights complaint, pursuant to 42 U.S.C. §1983. Jones also applies to proceed in forma pauperis. In this complaint, Jones complains that Prison Guard Kendrick assaulted him by treating him roughly when he was transported to this court in July 2005. Jones also complains that supervisory officials did not take appropriate disciplinary action against Kendrick and allowed him to continue with his duties as a "transfer" officer. Jones seeks to recover monetary damages and to obtain a court order of protection. Upon review of the record, the court concludes that the complaint must be filed for administrative purposes only and immediately dismissed without prejudice, pursuant to 28 U.S.C. §1915(g).

As stated, Jones has not prepaid the $250.00 filing fee required in civil actions and, instead, seeks to proceed in forma pauperis. By order and opinion dated August 12, 1998, the court held that Benjamin Jones had filed at least three prior civil actions, in forma pauperis, that were dismissed as malicious, frivolous, or for failure to state a claim, and that, under 28 U.S.C. §1915(g), he is barred from filing a civil action in forma pauperis, unless he prepays the $250.00 filing fee or alleges facts demonstrating that he is in imminent danger of physical harm. The

1

court assumes that Jones is attempting to meet the "imminent danger" requirement through his current allegations.

In order to qualify for the imminent danger exception under §1915(g), the prisoner must at least raise a credible allegation that he is in imminent danger of serious physical harm at the time he files the complaint. White v. State of Colorado, 157 F.3d 1232 (10th Cir. 1998) Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998). Jones's entire complaint concerns past events. Furthermore, the complaint does not raise any credible allegation that Jones is currently in imminent danger of suffering physical harm from Officer Kendrick or any other prison official. Therefore, the court concludes that Jones fails to allege facts sufficient to satisfy the "imminent danger" requirement for in forma pauperis under §1915(g), and will therefore deny plaintiff's request to proceed in forma pauperis under §1915(g). As Jones is well aware of his three strikes and the requirement that he prepay the fee or otherwise satisfy §1915(g), the court will file and dismiss this action without prejudice.[1] An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This __13th__ day of September, 2005.

/s/ James C. Turk
Senior United States District Judge

---

[1] Jones admits that he has not exhausted his administrative remedies as to his current claims. Accordingly, this action is also barred under 42 U.S.C. §1997e(a), which requires an inmate to exhaust administrative remedies (including all available levels of appeal) before bringing a court action.

2